UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. SI4:06CR770RWS(MLM) |
| ) | |
| ANDREW CHARLES KAIN, ) | |
| ) | |
| Defendant. ) | |

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the following Motions filed by defendant: Motion to Suppress Evidence [Doc. 70], Motion to Suppress Statements [Doc. 69], Motion to Quash Search Warrant and Suppress Evidence [Doc. 68]; Motion to Dismiss Count II of the Superseding Indictment [Doc. 67], Motion to Sever [Doc. 66], Motion for Bill of Particulars [Doc. 65]. The government filed a written Response [Doc. 72].

On 12/21/06 defendant Andrew Charles Kain was originally charged by Indictment with one count of Possession of Child Pornography. On 2/12/07 this court held an Evidentiary Hearing on defendant's Motions to Suppress Evidence and Statements. In its 2/23/07 Report and Recommendation ("R&R") (Doc. 22), this court recommended that those Motions be denied. Defendant Kain filed a Motion to Reopen the Evidence and a renewed Motion to Suppress. On 8/15/07 another full Evidentiary Hearing was held. On 9/7/07 this court issued a Supplemental Report and Recommendation (Doc. 47) and recommended that the renewed Motion to Suppress be denied. On 10/10/07 the district court sustained, adopted and incorporated both R&R's. (Doc. 49)

On 11/1/07 defendant Kain was charged in a Superseding Indictment with one count of Possession with Intent to Distribute Marijuana Within One Thousand Feet of a School

and one count of Possession of Child Pornography. The defendant has filed the currently pending Motions in connection with the Superseding Indictment.

On 12/5/07 a third Evidentiary Hearing was scheduled. Defendant was present and represented by counsel, Frank Carlson. The government was represented by Assistant United States Attorney Tiffany Becker. The government was prepared to go forward with witnesses. However, counsel for defendant conceded that there were no new issues or facts not previously raised in the Motions to Suppress Evidence, Suppress Statements and Quash the Search Warrant and Suppress Evidence. Therefore, no testimony was heard and the parties agreed to rely on their written submissions.

As to the three Motions to Suppress, the court incorporates by reference as if fully set out herein the Findings of Fact, Conclusions of Law and Recommendations in its previous R&R's (Docs. 22 and 47). The court further incorporates by reference as if fully set out herein the district court's Order of 10/10/07 sustaining and adopting the two R&R's (Doc. 49).

The court heard argument on the Motion to Dismiss Count II, to Sever and for Bill of Particulars. The court notes that neither the Motion to Dismiss Count II (the child pornography count) nor the Motion for Bill of Particulars (on the child pornography count) are timely filed.[1] Both could have been raised pursuant to the court's Order Concerning Pretrial Motions filed in connection with the original Indictment. They are therefore time barred and should be denied on that ground. Nevertheless, out of an abundance of caution, the court will address them on their merits.

---

[1] The only material change in Count II from the original Indictment was the addition of several specific images of child pornography. In all other respects it remains identical to the original Indictment.

**1.  Motion to Dismiss Count II of the Superseding Indictment [Doc. 67]**

Defendant moves to dismiss the Possession of Child Pornography count on the ground that it violates due process, the confrontation clause and his notice rights and because it is unconstitutional in that it is based on a United States statute which criminalizes possession of materials protected by the First Amendment.

To be legally sufficient on its face, the superseding indictment must contain all the essential elements of the offense(s) charged, it must fairly inform the defendant of the charge(s) against which the defendant must defend, and it must allege sufficient information to allow the defendant to plead a conviction or an acquittal as a bar to a subsequent prosecution.  United States Const. Amends. V and VI; Fed.R.Crim.P. 7(c); Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Just, 74 F.3d 902, 903-04 (8th Cir. 1996); United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993), cert. denied, 513 U.S. 831, (1994); United States v. Young, 618 F.2d 1281, 1286 (8th Cir.), cert. denied, 449 U.S. 844 (1980).

The offense of Possession of Child Pornography has three elements: (1) that defendant knowingly possessed visual depictions of child pornography; (2) that the defendant knew that the visual depictions were of a minor engaging in sexually explicit conduct; and (3) that visual depictions were produced using materials that had been mailed, shipped or transported in interstate or foreign commerce.  18 U.S.C. § 2252A(a)(5)(B).  The superseding indictment in this case specifies the approximate dates of the alleged offense, the particular computer and hard drive on which the images were possessed, and it describes some of the images with particularity.  It is more than sufficient to provide a factual basis for the charges allowing defendant to prepare a defense including one of double jeopardy.  Fed. R. Crim. P. 7(c).

There is no doubt that an indictment plays a part in protecting a defendant against double jeopardy.  However, "the defendant's attack on the present indictment falls wide of the mark since it is the record as a whole that protects an accused from being 'twice put in jeopardy of life or limb.'" <u>United States v. Roman</u>, 728 F.2d 846, 853 (7th Cir.) <u>cert. denied</u>, 466 U.S. 977 (1984).  It is necessary that the record as a whole, not just the superseding indictment, show with accuracy to what extent a defendant may plead a former acquittal or conviction if he is charged in another proceeding with a similar offense.  <u>Id.</u>  This is because a defendant claiming he has been subjected to double jeopardy bears the burden of establishing that both prosecutions are for the same offense.  "The defendant must show that 'the evidence required to support a conviction on one indictment would have been sufficient to warrant a conviction on the other' indictment" <u>Roman</u>, 728 F.2d at 853 <u>quoting</u> <u>United States v. West</u>, 670 F.2d 675, 681 (7th Cir.) <u>cert. denied</u>, 457 U.S. 1124 (1982).  The record in its entirety will protect defendant in this case.  Defendant has been provided voluminous amounts of discovery in this case.  Defendant has been given ample access to the mirror of the hard drive with all of the child pornography images displayed.  Counsel acknowledges he has "spen[t] numerous hours in unkempt, airless room viewing every single image contained in the government's expert's FTK Report."  Defendant's Motion to Dismiss Count II at 3.  Counsel's discomfort notwithstanding, defendant has clearly and unequivocally been provided sufficient information for the protection of his rights.

To the extent he requests the names of the victims, this request is far beyond the scope of discovery.  The government stated on the record that it expects to prove beyond a reasonable doubt that each of the children depicted in the images is a real child (not a

virtual image). If the government fails in its proof, defendant may be entitled to an acquittal. It is not, however, grounds for a dismissal.

To the extent defendant asserts the superseding indictment is based on an unconstitutional statute in violation of his First Amendment rights, the Eighth Circuit has specifically rejected that challenge. See United States v. Bach, 400 F.3d 662, 629 (8th Cir.) ("The First Amendment does not prevent prosecution for child pornography...and Congress may regulate pornography involving all minors under the age of eighteen if it has a rational basis for doing so."), cert. denied, 546 U.S. 901 (2005).[2]

To the extent defendant argues this prosecution amounts to a due process violation, he does so without specificity and without case citation. It is true that the "Supreme Court recognized a protected liberty interest, under the due process clause, of the Fourteenth Amendment, for private and consensual conduct between same sex adults." Bach, 400 F.3d at 628 citing Lawrence v. Texas, 539 U.S. 558 (2003). However, the Supreme Court specifically pointed out that Lawrence did not involve minors or others "who might be injured or coerced." Lawrence, 539 U.S. at 578.

---

[2] In Bach the Eighth Circuit went on to say:

Congress changed the definition of minor in the child pornography laws in 1984 to apply to anyone under eighteen. It found that the previous ceiling of sixteen had hampered enforcement of child pornography laws. With that ceiling there was sometimes confusion about whether a subject was a minor since children enter puberty at different ages. . . we conclude that the Congressional choice to regulate child pornography by defining minor as an individual under eighteen is rationally elated to the government's legitimate interest in enforcing child pornography laws...and that Bach's convictions for possessing, transmitting and manufacturing any visual depiction produced using a minor engaged in sexually explicit conduct should be affirmed. (internal citations omitted)

**Defendant's Motion to Dismiss Count II of the Superseding Indictment is without merit and should be denied.**

**2.     Motion to Sever [Doc. 66]**

Defendant moved to sever Counts I and II for improper joinder.

The initial inquiry is whether, as a matter of law, the counts of the indictment are properly joined. See United State v. Rodgers, 732 F.2d 625, 630 (8th Cir. 1984). Rule 8(a) of the Federal Rules of Criminal Procedure permits joinder of two or more offenses in an indictment "if the offenses charged...are of the same or similar character, or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

The joinder of offenses is the favored practice, United States v. Humphreys, 982 F.2d 254, 259 (8th Cir.) cert. denied, 510 U.S. 814 (1993), and Rule 8 should be broadly construed in favor of initial joinder. Rodgers, 732 F.2d at 629. Joinder is proper when the counts "refer to the same type of offenses occurring over a relatively short period of time and the evidence as to each count overlaps." United States v. Davis, 103 F.3d 660, 676 (8th Cir. 1996) cert. denied, 117 S.Ct. 2424 (1997) quoting United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979); United States v. Robaina 39 F.3d 858, 861 (8th Cir. 1994).

"Rule 8(a) is not limited to crimes of the 'same character' but also covers those of 'similar' character, which means '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.'" United States v. Lindsey, 782 F.2d 116, 118 (8th Cir. 1986) quoting United States v. Werner, 620 F.2d 922, 926 (2nd Cir. 1980) (quoting Webster's New International Dictionary (2nd Ed.)).

The Eighth Circuit has upheld joinder when the evidence as to one count is developed in the course of the investigation of another count and the evidence somewhat overlaps. Lindsey, 782 F.2d at 118.

The Eighth Circuit has also found joinder proper when the evidence regarding one count could be used as Rule 404(b) evidence as proof of another count. Rodgers, 732 F.2d at 630. Although the admission of evidence is strictly and solely for the trial court to determine, and should not be assumed or presupposed, the following arguments are persuasive in resolving the joinder issue.

Rule 404(b) of the Federal Rules of Evidence provides that evidence of other crimes, wrongs or acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Fed. R. Evid. 404(b); United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995). This rule "is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition." Id.; United States v. Humphreys, 982 F2d 254, 259 (8th Cir. 1992) (When evidence of one crime would be admissible at a separate trial for another crime, a joint trial does not engender additional prejudice).

In the present case law enforcement officers were executing a validly-issued search warrant for narcotics which there was probable cause to believe would be found in defendant's residence. Part of the information contained in the affidavit in support of the search warrant was from a Confidential Informant who said he/she had seen photos on defendant's computer that were of a marijuana growing operation. The search warrant allowed for the search and seizure of "marijuana, and/or drug paraphernalia, artifacts, and records containing to drug purchases and/or sales or manufacture, computers, computer disks and records." Search warranted dated 3/17/06. A second search warrant dated

4/6/06 permitted the search of defendant's laptop computer. The officers were basically looking for narcotics records. However, the search revealed numerous graphic images of child pornography.

The circumstances of this case fall squarely within <u>Lindsey</u>, 782 F.2d at 118. The evidence as to the child pornography was developed in the course of the investigation of the narcotics count. The evidence overlaps in that defendant used the same computer in the commission of both crime. The Counts are properly joined and should not be severed.

3. **Bill of Particulars [Doc. 65]**

A bill of particulars is ordered only when necessary to inform the defendant of the charges against him with sufficient clarity to enable him to prepare his defense, to minimize the element of surprise at trial or to enable him to protect himself against a second prosecution for an inadequately described offense. <u>United States v. Stephenson</u>, 924 F.2d 753, 762 (8th Cir.), <u>cert. denied</u>, 112 S.Ct. 63 (1991); <u>United States v. Miller</u>, 543 F.2d 1121, 1124 (8th Cir. 1976), <u>cert. denied</u>, 429 U.S. 1108 (1977). A conviction will not be overturned for failure to order a Bill of Particulars unless the defendant suffers actual prejudice due to surprise at trial. <u>United States v. Garrett</u>, 797 F.2d 656, 665 (8th Cir. 1986). In the present case the Superseding Indictment clearly and specifically informs the defendant of the charges against him such that he can prepare a defense, will not be surprised at trial and can protect himself against a second prosecution in violation of the Double Jeopardy Clause. The Motion for Bill of Particulars should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the defendant's Motion to Suppress Evidence be DENIED. [Doc. 70]

**IT IS FURTHER RECOMMENDED** that the defendant's Motion to Suppress Statements be DENIED. [Doc. 69]

**IT IS FURTHER RECOMMENDED** that the defendant's Motion to Quash Search Warrant and Suppress Evidence be DENIED. [Doc. 68]

**IT IS FURTHER RECOMMENDED** that defendant's Motion to Dismiss Count II of the Superseding Indictment be DENIED. [Doc. 67]

**IT IS FURTHER RECOMMENDED** that defendant's Motion to Sever be DENIED. [Doc. 66]

**IT IS FURTHER RECOMMENDED** that defendant's Motion for Bill of Particulars be DENIED. [Doc. 65]

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

Trial in this case has been set on **February 4, 2007** at **9:00 A.M.** before the Honorable Rodney W. Sippel.

                                                           /s/Mary Ann L. Medler
                                                           MARY ANN L. MEDLER
                                                           UNITED STATES MAGISTRATE JUDGE

Dated this  11th  day of December, 2007.